IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

vs.                               No.    CIV 03-673 BB/LCS
                                                             CR 01-1308 BB

JUAN PARRA-PEREZ,

        Defendant-Movant.

## MEMORANDUM OPINION AND ORDER SETTING EVIDENTIARY HEARING AND APPOINTING COUNSEL

**THIS MATTER** came before the Court on Movant's (Parra-Perez's) Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Parra-Perez, currently incarcerated and proceeding *pro se*, attacks the Judgment and Sentence entered on November 25, 2002, in the case styled *United States of America v. Juan Parra-Perez*, and numbered CR 01-1308 BB, United States District Court for the District of New Mexico. The United States Magistrate Judge, having considered the arguments, pleadings, relevant law, and being otherwise fully informed, finds that an evidentiary hearing will be required in order to rule on Movant's Motion.

### PROCEDURAL HISTORY AND FINDINGS

1. On October 4, 2001, Movant was indicted for transporting and harboring illegal aliens in violation of 8 U.S.C. § 1324. On December 5, 2001, a 15-count Superseding Indictment was filed against Movant charging violation of 8 U.S.C. § 1324, for transporting and harboring illegal aliens. On February 13, 2002, Movant, through his attorney Robert Ramos, filed a Motion to Suppress all evidence. (Doc. 64.) The Court held a suppression hearing on March 1, 2002 and

denied the Motion to Suppress. (Doc. 75.)

2. On March 5, 2002, Movant pleaded guilty to Counts 1, III, V, VII, IX, XIII and XV pursuant to a written plea agreement. (Doc. 80.) On September 24, 2002, the United States moved to dismiss Counts II, IV, VI, VIII, X, XII, and XIV of the superseding indictment without prejudice. (Doc. 86.)

3. Movant's plea agreement (Doc. 80, ¶ 10.) contained a Conditional Plea agreement in which Movant reserved the right to appeal the March 1, 2002 Order of the United States District Court denying Movant's Motion to Suppress (Doc. 75), and the March 4, 2002 Order granting the United States' motion in limine to admit evidence of alienage and lack of authority to be in the United States. (Doc. 78.)

4. On September 30, 2002, the Court sentenced Movant to 12 months plus one day of incarceration, to be followed by 2 years supervised release, and a special penalty assessment of $800. (Doc. 88.) Judgment was entered on November 25, 2002. (Doc. 89.) Movant filed his §2255 motion on June 4, 2003, claiming ineffective assistance of counsel based on counsel's failure to file Notice of Appeal and failure to object to the District Court's granting the United States' Motion in Limine. (Doc. 95.)

5. The § 2255 Motion, filed within one year of the judgment and sentence, is timely under the Antiterrorism and Effective Death Penalty Act ("AEDEA"). *See* 28 U.S.C. § 2255.

6. Defendant's claims are based on ineffective assistance of counsel. Although not raised on direct appeal, these claims may not be barred by procedural default because Movant may establish cause for a procedural default by showing that he received ineffective assistance of counsel. *See United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995.) Accordingly, the Court

will address the merits of Movant's claims of ineffective assistance of counsel.

7. Movant contends that Mr. Ramos rendered ineffective assistance because he failed to file a Notice of Appeal of the District Court's denial of Movant's Motion to Suppress evidence and granting of the United States' Motion in limine as outlined in his plea agreement. (Doc. 80.)

8. The United States contends that Movant's Motion must be denied on the grounds that Movant has not met his burden of showing ineffective assistance under *Strickland v. Washington*, 466 U.S. 688 (1984), because he has not shown any ground on which to base a successful appeal. The Supreme Court has held that a defendant must first show that counsel was objectively unreasonable in failing to find arguable issues to appeal. *Smith v. Robbins*, 120 S.Ct. 746, 764 (2000). If the Movant succeeds in this showing, he must then show a reasonable probability that he would have prevailed on appeal. *Id.* The United States contends that Movant has made no showing of nonfrivolous grounds on which to base an appeal. (Doc. 98.) As such, the United States argues that counsel did not render ineffective assistance in failing to file notice of appeal. (Id.)

9. The Supreme Court has held that counsel's failure to file a notice of appeal without a defendant's consent does not constitute ineffective assistance *per se*. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). However, both the Supreme Court and the Tenth Circuit have held that the lack of meritorious issues on appeal is irrelevant to a § 2255 proceeding if counsel has disregarded a defendant's specific instructions to perfect an appeal. *United States v. Snitz*, 342 F.3d 1154, 1156 (10th Cir. 2003). Counsel has a constitutionally imposed duty to consult with a defendant about an appeal if he has reason to think that the defendant has reasonably demonstrated an interest in appealing. *Flores-Ortega*, 528 U.S. at 480.

In the present case, Movant specifically reserved the issues of his own Motion to Suppress and the United States' Motion in Limine as appealable issues in his plea agreement. The Tenth Circuit in *Snitz* did not specifically address the issue of holding an evidentiary hearing to determine whether the defendant requested an appeal in accordance with *Flores-Ortega*. In *Snitz*, the Tenth Circuit held that defendant's testimony that he had informed his attorneys that he wished to appeal his sentence was credible. *Snitz*, 342 F.3d at 1156. It is not clear from the record what Movant discussed with Mr. Ramos regarding the possibility of appeal. An evidentiary hearing is therefore necessary to determine whether Movant requested his attorney to file a Notice of Appeal in accordance with the rule outlined in *Snitz*. *Id.* Accordingly,

**IT IS ORDERED** that an evidentiary hearing is set for **Wednesday, December 17, 2003** at **10:00a.m.** before the Honorable Leslie C. Smith, United States Magistrate Judge at the Harold L. Runnels Federal Building and U.S. District Courthouse, 200 E. Griggs Ave., Las Cruces, NM 88001.

**IT IS FURTHER ORDERED** that the Federal Public Defender is hereby appointed as Movant's counsel.

**IT IS FURTHER ORDERED** that the United States shall ensure the presence of Movant at the evidentiary hearing.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**