IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff-Respondent,

vs.                                  No. CIV 03-673 BB /LCS
                                         No. CR  01-1308

JUAN PARRA-PEREZ,

      Defendant-Movant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Plaintiff's Motion to Vacate or Reduce Sentence Pursuant to 28 U.S.C. §2255 (Doc. 95) and the Court having reviewed all matters of record and having set this matter for an evidentiary hearing pursuant to Doc 99, and the Plaintiff not having appeared for said hearing, the Court finds that this Motion should be **DENIED WITHOUT PREJUDICE** and the United States Magistrate Judge acting on referral of this matter by the District Judge will so recommend.

**FINDINGS**

1.      On October 4, 2001, Mr. Parra-Perez was indicted for transporting and harboring illegal aliens in violation of 8 U.S.C. §1324.  On December 5, 2001, a 15-count Superseding Indictment was filed against Movant charging violation of 8 U.S.C. § 1324, for transporting and harboring illegal aliens.  On February 13, 2002, Movant, through his attorney Robert Ramos, filed a Motion to Suppress all evidence.  (Doc. 64.)  The Court held a suppression hearing on March 1,

2002 and denied the Motion to Suppress.  (Doc. 75.)

2.       On March 5, 2002, Movant pleaded guilty to Counts I, III, V, VII, IX, XIII and

XV pursuant to a written plea agreement.  (Doc. 80.)  On September 24, 2002, the United States

moved to dismiss Counts II, IV, VI, VIII, X, XII, and XIV of the superseding indictment without

prejudice.  (Doc. 86.)

3.       Movant's plea agreement (Doc. 80, ¶ 10) contained a Conditional Plea agreement

in which Movant reserved the right to appeal the March 1, 2002 Order of the United States

District Court denying Movant's Motion to Suppress (Doc. 75), and the March 4, 2002 Order

granting the United States' motion in limine to admit evidence of alienage and lack of authority to

be in the United States.  (Doc. 78.)

4.       On September 30, 2002, the Court sentenced Movant to 12 months plus one day

of incarceration, to be followed by 2 years supervised release, and a special penalty assessment of

$800.00.  (Doc. 88.)  Judgment was entered on November 25, 2002.  (Doc. 89.)  Movant filed his

§2255 motion on June 4, 2003, claiming ineffective assistance of counsel based on counsel's

failure to file Notice of Appeal and failure to object to the District Court's granting the United

States' Motion in Limine. (Doc. 95.)

5.       The § 2255 Motion, filed within one year of the judgment and sentence is timely

under the Antiterrorism and Effective Death Penalty Act ("AEDEA").  *See* 28 U.S.C. § 2255.

6.       Movant was released from the custody of the United States Bureau of Prisons on

November 6, 2003.  He was then taken into the custody of the Bureau of Immigration and

Customs Enforcement on an outstanding immigration detainer.  Movant was deported from the

United States on November 6, 2003.  (Doc. 100.)

7.      On November 18, 2003, this Court issued a Memorandum Opinion and Order

setting Evidentiary Hearing on December 17, 2003.  (Doc. 99.)  The Supreme Court has held that

counsel has a constitutionally imposed duty to consult with a defendant about an appeal if he has

reason to think that the defendant has reasonably demonstrated an interest in appealing.  *Roe v.*

*Flores-Ortega*, 528 U.S. 470, 480 (2000).  Both the Supreme Court and the Tenth Circuit have

also held that lack of meritorious issues on appeal is irrelevant to a § 2255 proceeding if counsel

has disregarded a defendant's specific instructions to perfect an appeal.  *United States v. Snitz*,

342 F.3d 1154, 1156 (10th Cir. 2003.)

In the present case, Movant specifically reserved the issues of his own Motion to

Suppress and the United States' Motion in Limine as appealable issues in his plea agreement.

Because this Court found that the record was unclear as to what Movant discussed with Mr.

Ramos regarding the possibility of appeal, it found that an evidentiary hearing was necessary to

determine whether Movant requested Mr. Ramos file a Notice of Appeal in accordance with the

rule outlined in *Snitz*.  *Id*.  The Court also appointed the Federal Public Defender to represent

Movant in this matter.  (Doc. 99.)

8.      On December 8, 2003, this Court was notified by the United States that Movant

had been released from custody and deported from the United States and that Movant's

whereabouts were currently unknown.  (Doc. 100.)  This Court reset the evidentiary hearing for

March 11, 2004 to give the United States time to locate Mr. Parra-Perez.  (Doc. 101.)

9.      On March 11, 2004, the Evidentiary Hearing was held.  Appointed counsel, Steve

Sosa,  appeared without Mr. Parra-Perez.  Mr. Sosa advised the Court that he had never had any

communication with the Movant.  Mr. Sosa had been in contact with Movant's wife, who resides

in El Paso, Texas.  He asked Movant's wife to convey his messages to Mr. Parra-Perez, but did

not believe Movant was aware of the Evidentiary Hearing.  (Tr. at 3-4.)  Mr. Sosa requested an

additional two months to contact Movant.  (Tr. at 4.)

10.     Movant has not advised the Court of his release nor of his post-release address, as

is his obligation.  FED R. CIV PRO. 41(b), D.N.M.L.R.-CIV 83.6[1].  *See also, e.g., Michaud v.*

*Williams*, 1999 WL 33504430 (N.D.N.Y. 1997).

11.     Movant was released from prison prior to the appointment of counsel but  he

remains on Supervised Release (Doc. No. 89.)

12.     That the United States, represented by Kelly Burnham, was ready to proceed at the

evidentiary hearing on March 11, 2004. (Tr. at 5.)

## RECOMMENDED DECISION

When this matter came before this Court on Movant's Motion to Vacate or Reduce

Sentence pursuant to 28 U.S.C. §2255, I felt an evidentiary hearing was necessary to determine

whether Mr. Parra-Perez had requested that his attorney perfect an appeal.  I initially set the

matter for hearing in December and then re-scheduled the hearing for March after being advised

that Mr. Sosa had been unable to locate Mr. Parra-Perez.  Mr. Parra-Perez has a duty to keep

both the Court and his attorney advised of his whereabouts.  FED. R. CIV. PRO. 41(b),

D.N.M.L.R.-CIV 83.6.  *Michaud v. Williams*, 1999 WL 33504430 (N.D.N.Y. 1997).  The

Movant has shown a manifest lack of interest in his case, *see, e.g., Link v. Wabash R.R. Co.*, 370

U.S. 626, 629-30 (1962); *Oklahoma Publishing Co. v. Powell*, No. 78-1856, 1980 WL 6687 at

---

[1]All attorneys of record and parties proceeding *pro se* have a continuing duty to notify the Clerk, in writing, of any change in their mailing addresses, telephone numbers and, for those having a request on file as described in D.N.M.L.R-CIV 5.6, any change in facsimile numbers or electronic addresses.

*2 (10th Cir. Mar. 7, 1980), and I recommend dismissal of this matter.  However, in the event

Movant can demonstrate to the Court that there was a true and reasonable excuse for his failure

to appear, for example, that he was in Mexico and can show that he attempted to enter the United

States legally for the hearing, but was refused, the Court will consider the excuse and, if permitted

and the petition is not otherwise barred, will re-open this cause.  Therefore, I recommend that the

matter be **DISMISSED WITHOUT PREJUDICE**.


 

_____

**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**